J-S23041-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISS POWELL, | : | |
| | : | |
| Appellant | : | No. 1678 EDA 2020 |

Appeal from the PCRA Order Entered August 3, 2020
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0511333-2006

BEFORE:    LAZARUS, J., KUNSELMAN, J. and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 14, 2021**

Appellant, Chriss Powell, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm in part and reverse in part.

The PCRA court provided the following background.

> On January 28, 2006, Appellant, along with three co-defendants, was involved in the shooting of six[-]year[-]old J.W. J.W. was returning from a family outing to the movies in celebration of his recent birthday.  Although multiple family members were present[, including another minor, A.W.,] and his grandfather, Benjamin Wright, was the target of the shooting, J.W. was the only person injured.  He was shot in the back of the neck.  The bullet severed his spinal cord, leaving him paralyzed from the neck down.  Appellant and his co-defendants were arrested and charged with attempted murder and related offenses.
>
> On December 4, 2007, following a jury trial …, Appellant was found guilty of attempted murder, four counts of aggravated

_____

[1] 42 Pa.C.S. §§ 9541-9546.

*Retired Senior Judge assigned to the Superior Court.

assault, criminal conspiracy, and [carrying a firearm without a license].

PCRA Court Opinion, 12/14/20, at 1 (headings omitted). On April 17, 2008, the trial court sentenced Appellant to an aggregate term of incarceration of 62 ½ to 125 years.[2] On direct appeal, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Powell*, 22 A.3d 1075 (Pa. Super. 2010) (unpublished memorandum). On December 5, 2011, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Powell*, 34 A.3d 829 (Pa. 2011). Appellant did not seek further direct review.

On January 28, 2014, Appellant filed this first *pro se* petition pursuant to the PCRA, raising claims of ineffective assistance of trial counsel. Appellant argued that although the petition was facially untimely, the PCRA court should consider it timely because he filed a motion for extension of time to file a PCRA

---

[2] It is unclear from the record before us what occurred with Appellant's charges and convictions under the various sections of the Uniform Firearms Act (UFA), 18 Pa.C.S. §§ 6101–6128. Specifically, we do not know with which UFA violations Appellant was charged, nor how the court addressed those charges at trial. Based on the verdict sheet, Appellant was convicted of carrying a firearm without a license, but according to the sentencing order, he received a sentence for carrying firearms on public streets in Philadelphia, not carrying a firearm without a license. Clearly, something is amiss with Appellant's UFA conviction and/or sentence. However, as discussed *infra*, even if this sentence were clearly illegal on the record before the PCRA court, the PCRA court was without jurisdiction to disturb Appellant's judgment of sentence because Appellant's petition was untimely filed and not subject to any exceptions.

petition before the expiration of the PCRA's one-year time-bar,[3] which the PCRA court never addressed. Counsel was appointed, and on March 6, 2017, PCRA counsel filed an amended PCRA petition.[4] Thereafter, new counsel was appointed, who filed a second amended petition on April 2, 2019.[5]

On January 26, 2020, the Commonwealth filed its response, arguing that Appellant's sentence for carrying firearms on public streets in Philadelphia should be vacated and that the remainder of Appellant's PCRA claims be dismissed. On January 27, 2020, the PCRA court heard oral argument from PCRA counsel and the Commonwealth.

On August 3, 2020, the PCRA court granted in part and denied in part Appellant's PCRA petition. Specifically, the PCRA court vacated Appellant's sentence for carrying firearms on public streets in Philadelphia but did not

_____

[3] Although this motion does not appear in the certified record, it was attached to Appellant's PCRA petition. It is dated February 25, 2013, and was deposited for mailing on February 26, 2013.

[4] Because counsel did not raise all the issues Appellant wanted, he *pro se* filed a motion for ineffective assistance of PCRA counsel and sought new counsel. Subsequently, without leave of court and while still represented by counsel, Appellant *pro se* filed motions for responses to his petition, as well as a second amended petition. Generally, a PCRA court is not required to consider *pro se* filings from represented petitioners. **See Commonwealth v. Blakeney**, 108 A.3d 739, 763 n.21 (Pa. 2014). It appears from the record that new counsel was appointed and the PCRA court properly did not consider the *pro se* amended filings.

[5] Petitioners must be granted leave to file amended PCRA petitions. **See Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014). Given our disposition, we need not determine whether the PCRA court granted counsel leave to file this second amended petition.

alter the remainder of Appellant's judgment of sentence. The PCRA court dismissed the remainder of Appellant's PCRA petition, without a hearing, as without merit.[6] The PCRA court did not address the timeliness of Appellant's PCRA petition.

This appeal followed.[7] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises the following issues on appeal:

1. Whether Appellant… was denied his right to a public trial during jury selection and during the testimony of Commonwealth witness A.W., a minor.

2. Whether the Appellant… was denied his right to a fair trial as a result of the prosecutor's misconduct when she made certain statements to the jury in her closing argument to the effect that the Appellant had an obligation to state that he was not part of the crime in violation of his constitutional right to remain silent.

3. Whether the Appellant['s] trial attorney and his appellate attorney were ineffective for failing to do the following:

   a. Failing to request an alibi instruction be given to the jury;

   b. Failing to adequately object to and appeal the Court's conducting a non-public trial during jury selection and during the testimony of commonwealth witness A.W.,

---

[6] The PCRA court failed to provide Pa.R.Crim.P. 907 notice before dismissing without a hearing the remainder of Appellant's claims. Given our disposition, this is not reversible error. **See Commonwealth v. Zeigler**, 148 A.3d 849, 852, n.2 (Pa. Super. 2016) (citation omitted) (noting that "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely").

[7] On November 10, 2020, this Court dismissed the appeal for failure to comply with Pa.R.A.P. 3517. Upon Appellant's application, this Court reinstated the appeal on December 3, 2020.

who was a minor at the time of this incident and at trial.

c. Failing to adequately object to and appeal the prosecutor's misconduct at trial in her making certain statements to the members of the jury that …Appellant had an obligation to state that he was not part of the crime in violation of his constitutional right to remain silent.

Appellant's Brief at 3–4.

Before reaching the merits of Appellant's claims, we must determine whether Appellant has timely filed his petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011). The PCRA provides that

> [a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 5 -

42 Pa.C.S. § 9545(b)(1). This time limit is jurisdictional, and a court may not ignore it and reach the merits of the petition, even where the convicted defendant claims that his sentence is illegal. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999); **Commonwealth v. Whiteman**, 204 A.3d 448, 450-51 (Pa. Super. 2019); **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018).

Appellant's judgment of sentence became final on March 5, 2012, upon the expiration of the 90-day period to file a petition for writ of *certiorari* with the Supreme Court of the United States.[8]  42 Pa.C.S. § 9545(b)(3). The instant PCRA petition, filed on January 28, 2014, is patently untimely unless Appellant has alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii). These exceptions can apply only if Appellant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The only timeliness exception that Appellant contends applies here is Section 9545(b)(1)(i), the exception for governmental interference. Appellant contends that he filed a motion for extension of time to file a PCRA petition within the one-year timeframe, and the PCRA court's failure to rule on that motion resulted in Appellant's subsequent petition being untimely. **See** Petition for Post Conviction Collateral Relief, 1/28/14, at 2–5 (providing

---

[8] The 90th day, March 4, 2012, was a Sunday. **See** 1 Pa.C.S § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, … such day shall be omitted from the computation.").

alternative argument that the motion for extension should have been considered a PCRA petition pursuant to Pa.R.Crim.P. 905);[9] Amended PCRA Petition, 3/6/17, at 1.

We do not agree that this satisfies the requirements of Section 9545(b)(1)(i). In **Fahy**, our Supreme Court explicitly held that a PCRA court has "no authority to extend filing periods" for a PCRA petition. **See Fahy**, 737 A.2d at 222. Further, Appellant's motion for extension of time did not allege or prove any of the timeliness exceptions. **See id.** (holding filing period extended only upon satisfying one of three timeliness exceptions). Therefore, the PCRA court's failure to address Appellant's motion for extension of time to file a PCRA petition does not constitute governmental interference, and Appellant has failed to plead and prove an exception to the timeliness requirements.

We observe that the PCRA court did not address the timeliness of Appellant's petition before granting in part and dismissing in part Appellant's petition. In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement, or neglect. **See Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000). Further:

---

[9] Rule 905(B) provides in pertinent part that "[w]hen a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed." Appellant's motion for extension cannot be construed as a defective PCRA petition where it merely requested additional time to file a PCRA petition.

> The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. [A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.

*Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal citations omitted).

Here, Appellant failed to raise his legality of sentencing claim within a timely PCRA petition. Accordingly, the PCRA court lacked jurisdiction to consider the issues raised in Appellant's untimely-filed PCRA petition, including his illegal sentencing claim. Thus, we affirm the portion of the August 3, 2020 order dismissing Appellant's PCRA petition,[10] and reverse the portion of the order granting Appellant relief. Because neither the PCRA court nor this Court has jurisdiction to consider the merits of claims raised in an untimely PCRA petition, we do not reach Appellant's issues on appeal.

Order affirmed in part and reversed in part. Jurisdiction relinquished.

---

[10] Although the PCRA court dismissed Appellant's PCRA petition on the merits instead of its untimeliness, "we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action[.]" *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 10/14/2021*